UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
Regal Games LLC,                                            :
:
                              Plaintiff,                    :
:                 24-CV-4337 (VSB)
           - against -                                      :
:                       **ORDER**
:
SellerX Eight GmbH, *et al.*,                               :
:
                              Defendants.                   :
:
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

  On June 6, 2024, Plaintiff initiated this action by filing a complaint, asserting trademark-infringement and unfair-competition claims against Defendants SellerX Eight GmbH, SellerX Fourteen GmbH, SellerX Eighteen GmbH, SellerX Germany GmbH, And Walmart Inc. (*See* Doc. 1.) On July 3, 2024, the Clerk of Court issued a summons as to Walmart on Plaintiff's request. (*See* Docs. 5–6.) Walmart executed the summons on July 24, 2024, (Doc. 7), and Plaintiff voluntarily dismissed its claims against Walmart on August 16, 2024, (*see* Docs. 12–13.)

  On September 3, 2024, Plaintiff requested that the Clerk of Court issue summonses as to the four SellerX Defendants. (Docs. 14–17.) The summonses issued the next day. (Docs. 18–21.) If the SellerX Defendants were domestic entities, the deadline for service would be December 2, 2024. Since the SellerX Defendants are German corporations, however, (*see* Doc. 1 ¶¶ 18–21), the 90-day deadline for Plaintiff to effectuate service does not apply, *see* Fed. R. Civ. P. 4(m) (explaining that the 90-day rule "does not apply to service in a foreign country"). *See also Falvey Cargo Underwriting Ltd. v. Zim Integrated Shipping Servs. Ltd.*, No. 19-CV-11495, 2023 WL 8716888, at *5 (S.D.N.Y. Nov. 30, 2023) (discussing the history of Rule 4(m)).

That said, "[t]he Second Circuit has held that the exemption from the time limit outlined in Rule 4(m) (and its predecessor Rule 4(j)) for service in a foreign country does not apply if service never was attempted within the statutory period." *Falvey*, 2023 WL 8616888, at *6 (citing *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985); *DEF v. ABC*, 366 F. App'x 250, 253 (2d Cir. 2010); *USHA (India), Ltd. v. Honeywell Int'l, Inc.*, 421 F.3d 129, 134 (2d Cir. 2005)).

Accordingly, it is hereby:

ORDERED that, no later than December 13, 2024, Plaintiff shall submit a letter of no more than three (3) pages outlining its efforts to effectuate service on the SellerX Defendants. If Plaintiff did not attempt to effectuate service within the 90 days following the date that the summons against these Defendants issued, Plaintiff shall demonstrate good cause as to why this case should not be dismissed for failure to effectuate service. *See, e.g.*, *E. Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999); *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F.Supp. 654, 658 (S.D.N.Y. 1997). Plaintiff is warned that failure to submit this letter and, if applicable, demonstrate good cause for failure to serve the SellerX Defendants will result in dismissal of this action.

SO ORDERED.

Dated: December 4, 2024
     New York, New York

                                        Vernon S. Broderick
                                        United States District Judge